**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGEL ARIEL ALMENDRA LEON (A-No. 220-938-015),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-05305-JLT-SAB<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

Before the Court is Angel Ariel Almendra Leon's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.*

*R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## II. FACTUAL BACKGROUND

Petitioner is a citizen of Mexico who first entered the United States sometime in the past, without inspection or parole by immigration officials.[1] (*See* Doc. 8 at 3, 5.) On May 20, 2026, Petitioner was detained by ICE during an immigration enforcement action. (*See* Doc. 1 at 5–6.) Petitioner indicates that he was on his way to work, when a black car blocked him and ICE officers subsequently detained him. (*Id.*) That day, DHS issued an I-200 administrative warrant for Petitioner's arrest and charged him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 8 at 3, 5.) Petitioner was later transferred to the California City Detention Facility, where he remains. (Doc. 1 at 2.)

Petitioner was previously arrested on September 19, 2025, for driving under the influence of alcohol. (*See* Doc. 8 at 13.) It is unclear whether this arrest resulted in a criminal charge or conviction. (*Id.*) Apart from this arrest, it appears that Petitioner has no criminal history. (*See id.*) On July 10, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 16–17.) On August 4, 2026, Respondents filed an opposition arguing that Petitioner is an applicant for admission under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A) and therefore his detention is mandatory. (*See* Doc. 8.)

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026),

---

[1] There is no indication in the record that Petitioner was encountered upon entry into the United States. (Docs. 1, 8.) Instead, Petitioner was only recently apprehended by DHS on May 20, 2026, when DHS issued an I-200 Administrative Warrant and a Notice to Appear for the first time. (Doc. 8 at 3, 5.) EOIR's Automated Case Information associated with Petitioner's A-Number confirms that removal proceedings only recently began on May 20, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 6, 2026). Further, Respondents concede in their opposition that Petitioner is "entitled to seek a custody redetermination hearing before an immigration judge." (Doc. 8 at 1); *see also* 8 C.F.R. § 1236.1(d)(1) ("After an initial custody determination by the district director, . . . the [petitioner] may . . . request amelioration of the conditions under which he or she may be released . . . the immigration judge is authorized to . . . detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the [petitioner] may be released"). All this suggests that Petitioner was only recently encountered by DHS in May 2026 and that his detention is governed by 8 U.S.C. § 1226(a).

the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because it is unclear whether Respondents have provided Petitioner any kind of initial custody determination.[2] Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;
2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.
4. <u>**At least 72 hours before**</u> the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has

[2] Though the record contains issuance of an administrative warrant, (Doc. 8 at 3), it is unclear whether DHS would have issued such warrant absent the statutory interpretation pursuant to § 1225(b) rejected above.

filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _August 7, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE